UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Zakee Stuart-Holt

    v.                                                                                                 Civil No. 17-cv-748-LM
                                                                                                             Opinion No. 2021 DNH 150 P

United States of America

O R D E R

      Petitioner Stuart-Holt moves to void the judgment against him pursuant to Federal Rule of Civil Procedure 60(d)(3) (doc. no. 72). In support, Stuart-Holt asserts that "the court never addressed the 'validity' of petitioner's plea agreement." As a result, Stuart-Holt argues, the court committed "fraud on the court" when, in its Order dated November 8, 2018 (doc. no. 20 at 14 n. 9), it stated that "[i]n light of Stuart-Holt's pro se status, the court will address his challenges to the plea agreement in the context of an ineffective assistance of counsel claim."

      Stuart-Holt's motion is patently frivolous. As petitioner has already been advised, "fraud on the court is limited to fraud that seriously affects the integrity of the normal process of adjudication, defiles the court itself, and prevents the judicial machinery from performing its usual function—for example, bribery of a judge or jury tampering." Torres v. Bella Vista Hosp., Inc., 914 F.3d 15, 19 (1st Cir. 2019) (citations, internal modifications, and quotation marks omitted); see also Roger Edwards, LLC v. Fiddes & Son Ltd., 427 F.3d 129, 133 (1st Cir. 2005) (stating that fraud on the court "refers to an unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter" and is marked by "the most egregious conduct involving a corruption of the judicial process itself")

(citations and quotation marks omitted); Estes v. ECMC Grp., Inc., No. 19-cv-822-LM, 2021 WL 50076, at *1 (D.N.H. Jan. 6, 2021) (observing that "the type of conduct that would qualify as fraud on the court must be something on the order of bribing a judge") (citations and quotation marks omitted). Stuart-Holt's assertion of fraud on the court is incoherent in that the nature of the fraud purportedly at issue cannot be determined from his motion. In other words, it is unclear how the court's liberal construction of Stuart-Holt's pleadings to place them in the light most likely to be cognizable meets the above definition of "fraud on the court." See, e.g., Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997) (directing district courts to liberally construe filings and pleadings by pro se parties so as to "intuit the correct cause of action" based on the facts and theories alleged).

Moreover, this is not Stuart-Holt's first frivolous motion. A brief summary of the post-conviction litigation in this case is in order. In 2016, Stuart-Holt pled guilty to one count of conspiracy to distribute and possess with intent to distribute controlled substances (heroin and fentanyl), in violation of 21 U.S.C. §§ 846 and 841, and one count of money laundering, in violation of 18 U.S.C. § 1956. This court sentenced him to serve 210 months in prison. On November 29, 2017, Stuart-Holt filed a petition pursuant to 28 U.S.C. § 2255, seeking relief from his conviction and sentence. See doc. no. 1. With the court's leave, he filed an amended petition, see doc. no. 4, and an addendum to his amended petition, see doc. no. 9. The court issued a Final Order denying Stuart-Holt's amended petition on November 8, 2018. Doc. no. 20.

Since the court issued its Final Order in 2018, Stuart-Holt has filed numerous motions for reconsideration of the court's Final Order (doc. nos. 23, 34), to void the judgment entered against him (doc. nos. 40, 47, 55, 57, 59, 62, 70)—including the instant motion (doc. no. 72)—and for reconsideration of the court's orders denying his motions to void judgment (doc. nos. 56, 64, 71).  All these motions have been patently frivolous, and most have been mutually duplicative.

Considering that these abusive litigation practices have continued over a period of several years, Stuart-Holt is admonished that, should he continue to file frivolous and duplicative motions, the court will consider sanctions such as placing limits on the manner in which he will be permitted to file further motions in this case.  "Federal courts 'possess discretionary powers to regulate the conduct of abusive litigants.'  This power includes the ability to enjoin a party—even a pro se party—from filing frivolous and vexatious motions."  United States v. Gómez-Rosario, 418 F.3d 90, 101 (1st Cir. 2005) (citations omitted).

Stuart-Holt's motion to void the judgment (doc. no. 72) is denied.  Because Stuart-Holt has not made a substantial showing of the denial of a constitutional right, the court declines to issue a certificate of appealability of this order.  See 28 U.S.C. § 2253(c)(2); Rule 11(a), Rules Governing Section 2255 Proceedings.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

September 24, 2021
cc: Zakee Stuart-Holt, pro se
　　Counsel of Record